UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF THE EXTRADITION   )
                                   )
            OF                     )        M.J. No. 05-822-MBB
                                   )        (Under Seal)
GREGORY ALLAN DESPRES              )

COMPLAINT

TO: THE HONORABLE MARIANNE B. BOWLER

I, Aloke Chakravarty, being duly sworn, depose and state
that I am an Assistant United States Attorney for the District of
Massachusetts, and charge, on information and belief, as follows:

1. That, in the above matter, I act for and on behalf of the
Government of Canada.

That extradition provisions in force between the United
States and Canada are found in the Treaty on Extradition between
the United States of America and Canada, signed at Washington,
DC, on December 3, 1971 (27 UST 983; TIAS 8237), and amended by
an exchange of notes signed at Washington, DC, on June 28 and
July 9, 1974, and further amended by Protocol signed at Ottawa on
January 11, 1988 (1853 UNTS 407) (together referred to herein as
"the Treaty").

2. One Gregory Allan Despres is duly and legally charged
with having committed the following crimes in Canada: (1)
unlawfully failing to attend court on April 25, 2005 at Burton,
New Brunswick, Canada, as required by the Judge of the Provincial
Court, in violation of Section 145(2)(b) of the Criminal Code of

Canada; (2) on April 24, 2005, committing first degree murder on
the person of Frederick Franklin Fulton, in violation of Sections
229(a) and 235(1) of the Criminal Code of Canada; and (3) on
April 24, 2005, committing first degree murder on the person of
Veronica Decarie, in violation of Sections 229(a) and 235(1) of
the Criminal Code of Canada, and for sentencing for two offenses
for which Gregory Allan Despres has been previously convicted,
which are: (a) committing an Assault on Frederick Mowat, on
August 21, 2004 threatening to use a weapon, to wit: a knife, in
violation of Section 267(a) of the Canadian Criminal Code and (b)
uttering a threat to Frederick Mowat on August 21, 2004 to cause
death or bodily harm to him, in violation of Section 264.1(2)(b)
Canadian Criminal Code; all in the jurisdiction of New Brunswick,
Canada; and that warrants for the arrest of Gregory Allan Despres
were issued: on April 27, 2005 for a charge of failing to appear
in court as described above (Count 1), and on April 29, 2005, for
the murders described above (Counts 2 and 3), all by a Judge of
the Provincial Court of the Province of New Brunswick, Canada.

3.   I am informed through diplomatic channels that the
offenses were committed between August 21, 2004 and April 25,
2005, when on or about April 24, 2005, Gregory Allan Despres
caused the deaths of Frederick Franklin Fulton and Veronica
Decarie, meaning to so cause or to cause bodily harm that he knew
was likely cause death and was reckless whether death ensued or
not; and when, Gregory Allan Despres failed to attend a
Provincial Court in New Brunswick, Canada on April 25, 2005 after

2

appearing before the Provincial Court Judge on March 16, 2005, and being ordered to so appear for purposes of sentencing for offenses committed on August 21, 2004, to wit: committing an assault on Frederick Mowat using a weapon, a knife, and uttering a threat to Frederick Mowat to cause death or bodily harm to Frederick Mowat;

4. A copy of the request for provisional arrest and the factual basis for the underlying criminal charges in Canada are attached hereto as Exhibit A, a summary of which follows.

5. Investigators believe that on April 24, 2005, Gregory Allan Despres killed Frederick Fulton and Veronica Decarie at their residence in the village of Minto, New Brunswick. Canadian authorities believe that in the early morning hours, Despres forcibly entered the residence and stabbed Fulton and Decarie in the bedroom.  It then appears that Fulton fled to the bathroom and used the door as a shield. Eventually, Fulton made an attempt to escape from the residence, but investigators believe he was caught on the porch, hauled back into the kitchen, where the attack concluded. The investigation revealed that the decapitated body of Frederick Fulton was found on the kitchen floor of his residence on April 26, 2005 by his daughter, Debbie Mowatt.

6.  Neighbors, alerted by the reaction of Debbie Mowatt, summoned police assistance.  Members of the Royal Canadian Mounted Police (RCMP) responded to the request and observed the bodies of Frederick Fulton and his female companion, Veronica Decarie, along with copious amounts of what appeared to be blood

3

around the bodies and throughout the house.  Mr. Fulton's head was located in a pillow case under a table in the kitchen of the residence.  Autopsies performed on the remains of the deceased indicate that the time of death for both individuals was between 7:00 p.m. on April 23, 2005 to 3:30 a.m. on April 24, 2005.

7.  The Subject of this Complaint, Gregory Allan Despres, was the neighbor of the deceased.  Relations between the accused and Frederick Fulton, including members of Mr. Fulton's family, had been the object of conflict and violence prior to the time of the murders of Mr. Fulton and Ms. Decarie.  On previous occasions, members of the RCMP had attended the victims' residence in response to complaints as to the behavior of Mr. Despres toward the victims and their family.  Mr. Despres had been convicted of assault with a weapon and uttering death threats in the Provincial Court of New Brunswick for an August 21, 2004 incident involving Despres and Mr. Fulton's son-in-law, Frederick Mowatt.  Mr. Despres was scheduled to appear in provincial court for sentencing for those offenses on April 25, 2005.

8.  On April 24, 2005, a neighbor noticed that Mr. Fulton's automobile was not in the driveway of his home.  That automobile was subsequently discovered in a gravel pit along Route 3, a highway leading toward the United States border.  A man fitting the description of Mr. Despres was observed to be hitchhiking on Route 3 in the direction of the United States border, and was picked up and driven part of the way there by a

4

passerby named Greg Harnish.  The hitchhiker was carrying a
chainsaw attached to a backpack.  On April 25, 2005, a man
fitting the description of Mr. Despres and carrying a chainsaw
was again observed by several people walking in St. Stephen,
Canada (the city across the border from the United States at
Calais, Maine). The individual was wearing a poncho and a type of
backpack on his shoulder while carrying a chainsaw and a
motorcycle helmet. One of the observers, Donald Phillips, saw the
man change his trousers in the rear of the business premises,
discarding the pair of trousers he had removed in a shopping
cart.  Mr. Phillips subsequently retrieved the trousers and
transferred them to the RCMP.  The trousers are stained with what
appears to be blood.

     9.  On April 25, 2005, at approximately 10:00 a.m., an
individual identifying himself as Gregory Despres and appearing
to be the subject of this Complaint, entered the United States at
Calais, Maine.  At the time, Despres was wearing a poncho and a
backpack containing several weapons, a homemade sword which
appears to be made of aluminum with a wooden handle, a hatchet, a
knife, two homemade brass knuckles apparently made of aluminum,
and one container of pepper spray.  Mr. Despres was also carrying
a motorcycle helmet and a chainsaw which was spotted with what
appeared to be blood.  U.S. Customs and Border Protection
officers seized these items, and fingerprinted Mr. Despres.  Mr.
Despres claimed to be in the United States military.  After
seizure of these items, and without awareness of the homicide in

5

Minto, New Brunswick, Canadian and U.S. authorities released Mr. Despres. In the following time period, Canadian and U.S. authorities were notified that Mr. Despres was wanted for the homicides in Canada.

10. On April 27, 2005, Mr. Despres was arrested in Mattapoisett, Massachusetts by the Mattapoisett Police Department as a fugitive from justice. At the time, numerous items were seized from Mr. Despres. One of the items seized were Mr. Despres' boots, which appear to be similar to impressions left on the front door of the residence in which Frederick Fulton resided in Minto.

11. Gregory Allan Despres fled outside the boundaries of Canada, and is within the United States, and may be found at the Plymouth County House of Corrections, Plymouth, Massachusetts, within the jurisdiction of this Court.

12. Gregory Allan Despres, believed to be a naturalized citizen of the United States, was born on June 19, 1982, in Minto, New Brunswick, Canada, and is described as being a Caucasian male, approximately five feet, two inches tall, weighing approximately 59 kilograms, with brown eyes, brown hair, and a tattoo of a swastika on his lower back, photographs of subject are attached as Exhibit B.

13. Gregory Allan Despres is charged with having committed in Canada are among the offenses enumerated in Article 2 of the treaty on extradition between the United States and Canada as amended and in force. Article 2 of that treaty defines

6

extraditable offenses as those punishable under the laws of both countries by imprisonment for more than one year or any greater punishment.  The conduct in question is punishable in both countries by greater than one year of imprisonment.  See 18 U.S.C. §1111; 18 U.S.C. §1073; M.G.L. c. 265 §1; M.G.L. c. 265 §13A; Criminal Code of Canada, §§ 229, 234, 267, 264, 145.

14. The immediate arrest of Gregory Allan Despres pending receipt of a regular diplomatic request for extradition, with accompanying documents, is covered under Article 2 and Article 11 of The Treaty providing for provisional arrest.

15. I am informed through diplomatic channels that a regular diplomatic request for the extradition of the said Gregory Allan Despres will be made in conformity with said treaty, and the complete papers upon which the demand for extradition is founded will be presented within 60 days as required by Articles 9 and 11 of said treaty.

WHEREUPON, Your complainant requests that a warrant be issued, pursuant to Title 18, United States Code, Section 3184, for the arrest of Gregory Allan Despres; that he be brought before this Court and the evidence of criminality heard; and, that if on such hearing the Court deems the evidence sufficient under the provisions of the treaty to sustain the charges, the Court certify the same to the Secretary of State in order that a warrant may issue for the surrender of the said Gregory Allan Despres, to the appropriate authorities of Canada, according to the stipulations of the treaty; and for such other actions as the

Court at the time may be required to take under the provisions of the treaty and the laws of the United States.

Your complainant further requests that to prevent the flight of Gregory Allan Despres before his arrest and to avoid compromise of the ongoing investigation into the homicides in Canada, the Court order this complaint and all other documents related to this matter sealed until further order of the Court.


DATED at Boston, this 9th day of May, 2005.


                          Respectfully submitted,
                          MICHAEL J. SULLIVAN
                          United States Attorney

              By:

                          _____
                          ALOKE CHAKRAVARTY
                          Assistant United States Attorney


Sworn to before me this 9th Day of May 2005.



                          _____
                          MARIANNE B. BOWLER
                          United States Magistrate Judge

Attorney General
Public Prosecutions

Procureur général
Poursuites publiques



New Nouveau
**Brunswick**
C A N A D A

May 2, 2005

David Plourde, Counsel
International Assistance Group
Federal Prosecution Service
Department of Justice Canada
2258-284 Wellington Street
Ottawa, Ontario
K1A 0H8

Mr. Plourde:

Re:   Gregory Allan Despres

The Attorney General for the Province of New Brunswick hereby requests the provisional arrest of Gregory Allan Despres.

Information to Obtain Provisional Arrest Warrant

1. The present request is made by J. George Chiasson, Q.C., Assistant Director of Public Prosecutions, as agent for the Attorney General for the Province of New Brunswick.

2. The date of the present application is May 2, 2005.

3. The subject is:

    a) name:  Gregory Allan Despres
    b) birth date:  1982/06/19
             age 22
             place of birth is Minto, New Brunswick, Canada
    c) citizenship:  Canadian and naturalized American
    d) description: male adult
             height:  5'2"
             weight:  59 kgs
             eyes:  brown
             hair:  brown
             mark:  tattoo in lower back
    e) photographs are enclosed and identified as Document numbers 1, 2 and 3.
    f) presently the subject is under arrest in Mattapoisett, Massachusetts, U.S.A.

4. If provisionally arrested, the Attorney General for New Brunswick will request the extradition of the subject within 60 days.

5. Presently the subject is wanted in Canada (New Brunswick) for sentencing, to face charges of failure to attend court, and two charges of first degree murder on the persons of Frederick Franklin Fulton and Veronica Desarie.

P.O. Box 6000
Fredericton
New Brunswick
Canada E3B 5H1

Case postale 6000
Fredericton
Nouveau-Brunswick
Canada E3B 5H1

2

6. List of offences for which subject was found guilty and is subject to sentencing:

 s. 267(a) C.C.C. -   Assault with a weapon summary conviction liable for imprisonment for a term not exceeding 18 months

 s. 264.1(2)(b) C.C. C.-   Uttering threat to cause death or bodily harm liable for imprisonment for a term not exceeding 18 months

List of charges outstanding:

 s. 145(2)(b) C.C.C. -   Fail to attend court indictable liable for imprisonment for a term not exceeding two years.

 s. 235(1) C.C.C. -   First degree murder of the person on Frederick Franklin Fulton – indictable offence.

 s. 235(1) C.C.C. -   First degree murder of the person on Veronica Decarie – indictable offence.

7. Copies of the informations and warrants are enclosed and identified as Document numbers 4, 5, 6, 7, 8 and 9.

8. A copy of the warrants are enclosed and self explanatory. Copies are enclosed and identified as Document numbers 4, 6 and 8.

9. Synopsis of the facts:
 Prosecutor's Information Sheet is enclosed and identified as Document number 10.

10. Prosecuting Attorney:
 Paul Hawkins
 (506) 357-4033

11. N/A

12. Grounds for urgency
 Subject considered violent and dangerous and flight risk.

13. CPIC check done – negative.

Please process as an urgent matter.

Yours truly,

J. George Chiasson, Q.C.
Assistant Director

Enclosures

SEALING ORDER IS
REQUESTED.



Document 1



Document 2

Document 2

0ZZ75606
00 ( Qtrfmactor/R.CMP )

FORM 7 C.C.C.
(Sectness 475, 485, 597, 800 and 843)
WARRANT FOR ARREST



FORMULE 7 C.C.C.
(Art. 475, 493, 597, 800 et 803)
MANDAT D'ARRESTATION

CANADA
PROVINCE OF NEW BRUNSWICK

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK

To the peace officers of the Province of New Brunswick.

Aux agents de la paix de la province de Nouveau-Brunswick.

This warrant is issued for the arrest of
Gregory Allan Despres

Le présent mandat est décerné pour l'arrestation de

of    358 Slope Road, Maine, NB, Canada, E4B 3J8    In

de

hereinafter called the accused.

ci-après appelé le prévenu.

WHEREAS the accused has been charged that

ATTENDU que le prévenu a été inculpé d'avoir

April 25, 2005 - Burton - Section 145(2)(b) CCC - fail to attend Court - indictable

AND WHEREAS:
Warrant of Arrest to issue in the first instance

ET ATTENDU:

THIS IS THEREFORE, to command you, in her Majesty's name, forthwith to arrest the said accused and to bring him before any judge of the Provincial Court for the Province of New Brunswick to be dealt with according to law,

À CES CAUSES, les présentes ont pour objet de vous enjoindre, au nom de Sa Majesté, d'arrêter immédiatement le prévenu et de l'amener devant un juge de la Cour provinciale de la province du Nouveau-Brunswick pour qu'il soit traité selon la loi.

DATED April 27, 2005 at Burton , Province of New Brunswick

FAIT le à , province du Nouveau-Brunswick

Judge of the Provincial Court
Province of New Brunswick

Juge de la Cour provinciale
Province du Nouveau-Brunswick

FORM 29
(Section 507)

ENDORSEMENT OF WARRANT

CANADA
PROVINCE OF NEW BRUNSWICK

Whereas this warrant is issued under section 507, 508, or 512 of the Criminal Code in respect of an offence other than an offence mentioned in section 522 of the Criminal Code, I hereby authorize the release of the accused, Gregory Allan Despres pursuant to section 499 of that Act.

Dated April 27, 2005 at Bathe
Province of New Brunswick

F.J. Cumming
A Judge of the Provincial Court

FORMULE 29
(article 507)

VISA DU MANDAT

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK

Attendu que le présent mandat est décerné en vertu des articles 507, 508 ou 512 du Code criminel, relativement à une infraction autre que celles visées à l'article 522, j'autorise par les présentes la mise en liberté du prévenu, en application de l'article 499 du cette loi.

FAITE à
province du Nouveau-Brunswick

Un juge de la Cour provinciale

Gregory Allan Despres
Accused Name    Nom de l'accusé(e)

154 Slope Road, Milton, NB, Canada, E4B 3J8
Accused Address    Adresse de l'accusé(e)

April 27, 2005
Date Issued    Établi le

Indentité    Dénomination

Adresse    Adresse

Telephone    No. de téléphone

FORM 28
ENDORSEMENT OF WARRANT OF ARREST

CANADA
PROVINCE OF NEW BRUNSWICK

Pursuant to application this day made to me, I hereby authorize the arrest of the accused, _____

within the said _____

Dated this _____

at _____, Province of New Brunswick.

A Judge of the Provincial Court

(territorial division)

FORMULE 28
VISA DU MANDAT D'ARRESTATION

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK

Conformément à la demande qui m'a été présentée ce jour, j'autorise par les présentes l'arrestation du prévenu,

dont le dire _____

Daté du _____

à _____, province du Nouveau-Brunswick.

Un Juge de la Cour provinciale

(circonscription territoriale)

| INFORMATION | DÉNONCIATION |
|---|---|
| FORM 2 | FORMULE 2 |
| (Section 506 and 788) | (Article 506 et 788) |

CANADA

PROVINCE OF NEW BRUNSWICK

PROVINCIAL COURT

This is the information

of        Cst. Chantal MacINTOSH, a member

at        the Royal Canadian Mounted Police, Oromocto, NB

hereinafter called the Informant.

The Informant says that he has reasonable and probable
grounds to believe and does believe that

CANADA

PROVINCE DU NOUVEAU-BRUNSWICK

COUR PROVINCIALE

Les présentes constituent la

dénonciation de

De

ci-après appelé le dénonciateur.

Le dénonciateur déclare qu'il a des motifs
raisonnables et probables pour croire et qu'il croit
qu'

Gregory Allen Despres of 354 Slope Road, Minto, New Brunswick

On or about the 25th day of April, A.D., 2005, at or near Burton, in the County of Sunbury and Province of New Brunswick, having appeared before a Judge, to wit: Provincial Court Judge P.L. Cumming on the 16th day of March, A.D., 2005, did unlawfully fail to attend court on the 25th day of April, A.D., 2005 at Burton, New Brunswick as required by the said Judge, and did thereby commit an offence punishable on indictable conviction, contrary to and in violation of section 145(2)(b) of the Criminal Code of Canada and amendments thereto.

| Signature of Informant | Signature du dénonciateur |
|---|---|
| SWORN BEFORE ME | FAIT SOUS SERMENT DEVANT MOI |
| This 27th day of April, 2005 | le _____ jour de _____ |
| at        Burton | à _____ |
| New Brunswick. | Nouveau-Brunswick. |
| Judge of Provincial Court | Juge de la Cour provinciale |
| Province of New Brunswick | Province du Nouveau-Brunswick |
| Information No. | Dénonciateur No. |
| I.I.S. No. | I.I.S. Caseé No. |
| Date of birth | Date de naissance |

02229706
04-9383 ( Chipman RCMP )



FORM 7 C.C.C.
(Sections 475, 493,597, 800 and 803)
WARRANT FOR ARREST

FORMULE 7 C.C.C.
(Art. 475, 493, 597, 800 et 803)
MANDAT D'ARRESTATION

CANADA
PROVINCE OF NEW BRUNSWICK

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK

To the peace officers of the Province of New Brunswick.

Aux agents de la paix de la province du Nouveau-Brunswick.

This warrant is issued for the arrest of
Gregory Allan Dearpes

Le présent mandat est décerné pour l'arrestation de

of   354 Slope Road, Minto, NB, Canada, E4B 3J8

de

hereinafter called the accused.

ci-après appelé le prévenu.

WHEREAS the accused has been charged that

ATTENDU que le prévenu a été inculpé d'avoir

COUNT 1:  August 21, 2004 at Minto, NB - Did in committing an assault on Frederick Mowat threaten to use a weapon, to wit: a knife.
Section 267(a) CC (summary)
COUNT 2: August 21, 2004 at Minto, NB - Did utter a threat to Frederick Mowat to cause death or bodily harm to Frederick Mowat.
Section 264.1( )(b) CC (summary)

AND WHEREAS:

ET ATTENDU:

Accused failed to appear in Burton Provincial Court on April 25, 2005 for scheduled Sentencing.

THIS IS THEREFORE, to command you, in her Majesty's name, forthwith to arrest the said accused and to bring him before any judge of the Provincial Court for the Province of New Brunswick to be dealt with according to law.

À CES CAUSES, les présentes ont pour objet de vous enjoindre, au nom de Sa Majesté, d'arrêter immédiatement le prévenu et de l'amener devant un juge de la Cour provinciale de la province du Nouveau-Brunswick pour qu'il soit traité selon la loi.

DATED  April 25, 2005  at Burton , Province of New Brunswick

FAIT le  à  , province du Nouveau-Brunswick

P.M. Cumming.
Judge of the Provincial Court
Province of New Brunswick

Juge de la Cour provinciale
Province du Nouveau-Brunswick

**FORM 29**
(Section 507)

**ENDORSEMENT OF WARRANT**

**FORMULE 29**
(article 507)

**VISA DU MANDAT**

CANADA
PROVINCE OF NEW BRUNSWICK

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK

Whereas this warrant is issued under section 507, 508, or 512 of the Criminal Code in respect of an offence other than an offence mentioned in section 522 of the Criminal Code, I hereby authorize the release of the accused, Gregory Allen Despres pursuant to section 499 of that Act.

Attendu que le présent mandat est décerné en vertu des articles 507, 508 ou 512 du Code criminel, relativement à une infraction autre que celles visées à l'article 522, j'autorise par les présentes la mise en liberté du prévenu, en application de l'article 499 de cette loi

Dated April 25, 2005 at Burton ,
Province of New Brunswick

FAIT le 6 ,
province du Nouveau-Brunswick

_____
P.L. Cumming
A Judge of the Provincial Court

_____
Un Juge de la Cour provinciale

Gregory Allen Despres
Accused Name        Nom de l'accusé(e)

Informant        Dénonciateur

354 Slope Road, Mineto, NB, Canada, E4B 3J8
Accused Address    Adresse de l'accusé(e)

Address        Adresse

April 25, 2005
Date Issued        Établi le

Telephone        No. de téléphone

**FORM 28**

**ENDORSEMENT OF WARRANT OF ARREST**

**FORMULE 28**

**VISA DU MANDAT D'ARRESTATION**

CANADA
PROVINCE OF NEW BRUNSWICK

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK

Pursuant to application this day made to me, I hereby authorize

Conformément à la demande qui m'a été adressée ce jour, j'autorise par les présentes l'arrestation du prévenu,

the arrest of the accused, _____

within the said _____

dans la dite _____

Dated this _____

Daté du _____

at _____, Province of New Brunswick.

à _____, province du Nouveau-Brunswick.

_____
A Judge of the Provincial Court

_____
Un Juge de la Cour provinciale

_____
(territorial division)

_____
(circonscription territoriale )

| INFORMATION | | DÉNONCIATION |
| --- | --- | --- |
| FORM 2.<br>(Sections 506 and 788) | | FORMULE 2<br>(Articles 506 et 788) |

CANADA
PROVINCE OF NEW BRUNSWICK
PROVINCIAL COURT

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK
COUR PROVINCIALE

This is the information

Les présentes constituent la

of   **Cst. Kirsten COLLINS**

dénonciation de

of   **RCMP District #2, Oromocto, N.B.**

de

hereinafter called the informant.

ci-après appelé le dénonciateur.

The informant says that he has reasonable and probable grounds to believe and does believe that

Le dénonciateur déclare qu'il a des motifs raisonnables et probables pour croire et qu'il croit qu'

**COUNT 1:**    Gregory Allan DESPRES of 354 Slope Road, Minto, N.B., on or about the 21st day of August, A.D. 2004 at or near Minto in the County of Sunbury and Province of New Brunswick did in committing an assault on Frederick MOWAT threaten to use a weapon, to wit: a knife thereby committing an offence punishable on summary conviction, contrary to Section 267(a) of the Criminal Code of Canada and amendments thereto.

**COUNT 2:**    Gregory Allan DESPRES of 354 Slope Road, Minto, N.B., on or about the 21st day of August, A.D. 2004 at or near Minto in the County of Sunbury and Province of New Brunswick did knowingly utter a threat to Frederick MOWAT to cause death or bodily harm to Frederick MOWAT, contrary to Section 264.1(2)(b) of the Criminal Code of Canada and amendments thereto.

_____
Signature of Informant

_____
Signature du dénonciateur

SWORN BEFORE ME

FAIT SOUS SERMENT DEVANT MOI

this _____ day of  **September**  20 **04**

le _____ jour de _____ 20 _____

at _____  **Burton**

à _____

New Brunswick.

Nouveau-Brunswick.

_____
Judge of Provincial Court
Province of New Brunswick

_____
Juge de la Cour provinciale
Province du Nouveau-Brunswick

Information No.

Dénonciateur No.

J.I.S. No.

J.I.S. Cause No.

Date of Birth

Date de naissance

45-1010  (1590-03) (FLO)

Page 1

02/05 2005 14:34 FAX  613 951 8412

PARTICULARS OF OFFENCE(S) (INCLUDE ANY "ET ALS", ADDITIONAL CHARGES)) DETAILS DU (DES) DELIT(S) (INCLURE TOUT COMPLICE ET AUTRES ACCUSATION)S)

On Saturday August 21, 2004 at approx 19:30 hrs RCMP OCC adviced Minto RCMP that a male was holding a large knife to chest of another male. Cst Campbell and Cpl.Lafrance attended 358 Slope Rd Minto, Sunbury County, NB and spoke to the victim Fred Mowatt who adviced that Despres has been bothering his grandfather for the past month. Mowatt advised that he was having a family gathering at his grandfathers residence who lives next to Despre's residence. Despres had started playing loud music. Mowatt went over to tell Despre's to turn down his music. Mowatt said that he and Despres got in each other's face, then Despres pulled out a knife and pointed it to the chest area of Mowatt. Despre's said to Mowatt that he was going to get you all.

Mowatt said that he was threatened by Despres so Mowatt picked up a piece of wood  chased him from the property at 358 Slope Rd. After speaking to complainants Cst's Campbell, Weller and Cpl.Lafrance attended the residence of Despres at 354 and spoke to Despres, as he was working on a vehicle in his driveway, Despres was placed under arrest by Cpl.Lafrance and searched whichlocated a large black knife which was found in his front right pocket.

Despres was transported to the Minto Detachment and put in contact with Duty Counsel Peter Cory. After speaking to Duty Counsel Despres refused to give a statment. Despres was fingerprinted, photographed, and signed a consent to search for any firearms he had at his residence.

Cst Campbell and Cpl.Lafrance departed the Minto RCMP  with Despres to get any firearms that he had at the residence. Members seized 3 Rifles, one pellet hand gun and a bow with 7 arrows. Members departed the residence and spoke to the complaints and advised them that  Despres was being charged and we seized  his firearms for safe keeping.

Cst P.N. Campbell
RCMP District 2
Minto Post

PARTICULARS OF OFFENCES (INCLUDE ANY "97 ALS", ADDITIONAL CHARGE(S) / DETAILS DU (DES) DELIT(S) (INCLURE TOUT COMPLICE ET AUTRES ACCUSATIONS)

On Saturday August 21, 2004 at approx 19:30 hrs RCMP OCC advised Minto RCMP that a male was holding a large knife to chest of another male. Cst Campbell and Cpl.Lafrance attended 349 Slope Rd Minto, Sunbury County. NB and spoke to the victim Fred Mowatt who advised that Despres has been bothering his grandfather for the past month. Mowatt advised that he was having a family gathering at his grandfathers residence who lives next to Despres's residence. Despres had started playing loud music. Mowatt went over to tell Despres to turn down his music. Mowatt said that he and Despres got in each other's face then Despres pulled out a knife and pointed it to the chest area of Mowatt. Despres's said to Mowatt that he was going to get you all.

Mowatt said that he was threatened by Despres so Mowatt picked up a piece of wood chased him from the property at 349 Slope Rd. After speaking to complainants Cst's Campbell, Walter and Cpl.Lafrance attended the residence of Despres at 354 and spoke to Despres, as he was working on a vehicle in his driveway. Despres was placed under arrest by Cpl.Lafrance and searched which located a large black knife which was found in his front right pocket.

Despres was transported to the Minto Detachment and put in contact with Duty Counsel Peter Cory. After speaking to Duty Counsel Despres refused to give a statement. Despres was fingerprinted, photographed, and signed a consent to search for any firearms he had at his residence.

Cst Campbell and Cpl.Lafrance departed the Minto RCMP with Despres to get any firearms that he had at the residence. Members seized 3 Rifles, one pellet hand gun and a bow with 7 arrows. Members departed the residence and spoke to the complaints and advised them that Despres was being charged and we seized his firearms for safe keeping.

Cst P.H. Campbell
RCMP District 2
Minto Post

Document  8

# PROVINCIAL COURT
# PROVINCE OF NEW BRUNSWICK

I, Nancy Estey, **HEREBY CERTIFY** that the document attached hereto and marked **"A"**

is a true and correct copy of the original

**Warrant of Arrest dated April 29, 2005** in the matter of

### _R. vs Gregory Allan Despres_

**Case No. 02276106**

DATED at Burton, County of Sunbury, Province of New Brunswick, this 2nd day of May, 2005.

_Nancy Estey_
Nancy Estey
Court Stenographer
Provincial Court
Burton, New Brunswick

07937005
( Oromocto/RCMP )

FORM 7 C.C.C
(Sections 475, 493,597, 800 and 803)
WARRANT FOR ARREST



FORMULE 7 C.C.C.
(Art, 475, 493, 597, 800 et 803)
MANDAT D'ARRESTATION

CANADA
PROVINCE OF NEW BRUNSWICK

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK

To the peace officers of the Province of New Brunswick.

Aux agents de la paix de la province du Nouveau-Brunswick.

This warrant is issued for the arrest of
Gregory Allan Despres

Le présent mandat est décerné pour l'arrestation de

of   354 Slope Road, Minto, NB, Canada, E4B 3J8

de

ci-après appelé le prévenu.

hereinafter called the accused.

WHEREAS the accused has been charged that

ATTENDU que le prévenu a été inculpé d'avoir

COUNT 1:  April 24, 2005 at Minto, N.B - did commit first degree murder on the person of Frederick Franklin Fulton  Section
235(1)CCC - Ind ctable
COUNT 2:  April 24, 2005 at Minto, N,B - did commit first degree murder on the person of Veronica Decarie  Section 235(1)CCC -
Indictable

AND WHEREAS:
April 29, 2005 - Warrant in the First Instance

ET ATTENDU:

THIS IS THEREFORE, to command you, in her Majesty's name, forthwith
to arrest the said accused and to bring him before any judge of the
Provincial Court fir the Province of New Brunswick to be dealt with
according to law.

À CES CAUSES, les présentes ont pour objet de vous enjoindre, au
nom de Sa Majesté, d'arrêter immédiatement le prévenu et de l'amener
devant un juge de la Cour provinciale de la province du
Nouveau-Brunswick pour qu'il soit traité selon la loi.

DATED  April 29, 2005  at Fredericton , Province of New Brunswick

FAIT le   à , province du Nouveau-Brunswick

R.L. Cumming
Judge of the Provincial Court
Province of New Brunswick

Juge de la Cour provinciale
Province du Nouveau-Brunswick

FORM 29
(Section 507)

ENDORSEMENT OF WARRANT

CANADA
PROVINCE OF NEW BRUNSWICK

Whereas this warrant is issued under section 507, 508, or 512 of the Criminal Code in respect of an offence other than an offence mentioned in section 522 of the Criminal Code, I hereby authorize the release of the accused, Gregory Allan Despres pursuant to section 499 of that Act.

Dated April 29, 2005 at Fredericton,
Province of New Brunswick

_____
T.L. Cumming
A Judge of the Provincial Court

FORMULE 29
(article 507)

VISA DU MANDAT

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK

Attendu que le présent mandat est décerné en vertu des articles 507, 508 ou 512 du Code criminel, relativement à une infraction autre que celles visées à l'article 522, j'autorise par les présentes la mise en liberté du prévenu, en application de l'article 499 de cette loi.

FAIT le à
province du Nouveau-Brunswick

_____
Un Juge de la Cour provinciale

---

Gregory Allan Despres
Accused Name         Nom de l'accusé(e)

354 Stone Road, Minto, NB, Canada, E4B 3J8
Accused Address     Adresse de l'accusé(e)

April 29, 2005
Date Issued          Établi le

Informant            Dénonciateur

Address              Adresse

Telephone            No. de téléphone

---

FORM 29

ENDORSEMENT OF WARRANT OF ARREST

CANADA
PROVINCE OF NEW BRUNSWICK

Pursuant to application this day made to me, I hereby authorize

the arrest of the accused, _____

within the said _____

Dated this _____

at _____, Province of New Brunswick.

_____
A Judge of the Provincial Court

_____
(territorial division)

FORMULE 29

VISA DU MANDAT D'ARRESTATION

CANADA
PROVINCE DU NOUVEAU-BRUNSWICK

Conformément à la demande qui m'a été adressée ce jour, j'autorise par les présentes l'arrestation du prévenu.

_____

dans la dite _____

Daté du _____

à _____, province du
Nouveau-Brunswick.

_____
Un Juge de la Cour provinciale

_____
(circonscription territoriale )

Document 9

# PROVINCIAL COURT
# PROVINCE OF NEW BRUNSWICK

I, Nancy Estey, **HEREBY CERTIFY** that the document attached hereto and marked "**A**"

is a true and correct copy of the original

**Information dated April 29, 2005** in the matter of

## _R. vs Gregory Allan Despres_

Case No. 02276106

**DATED** at Burton, County of Sunbury, Province of New Brunswick, this 2nd day of May, 2005.

Nancy Estey
Court Stenographer
Provincial Court
Burton, New Brunswick

| INFORMATION | DÉNONCIATION |
|---|---|
| **FORM 2** | **FORMULE 2** |
| (Section 506 and 788) | (Article 506 et 788) |

| | |
|---|---|
| **CANADA** | **CANADA** |
| **PROVINCE OF NEW BRUNSWICK** | **PROVINCE DU NOUVEAU-BRUNSWICK** |
| **PROVINCIAL COURT** | **COUR PROVINCIALE** |
| This is the information | Les présentes constituent la |
| of     Cpl. Kevin Jackson,a member | dénonciation de |
| of     the Royal Canadian Mounted Police, Oromocto, NB | de |
| hereinafter called the informant, | ci-après appelé le dénonciateur. |
| The informant says that he has reasonable and probable grounds to believe and does believe that | Le dénonciateur déclare qu'il a des motifs raisonnables et probables pour croire et qu'il croit qu' |

GREGORY ALLAN DESPRES of 354 Slope Road, Minto, New Brunswick:

COUNT #1:  on or about the 24th day of April, A.D. 2005 at or near Minto, County of Sunbury and Province of New Brunswick, did commit first degree murder on the person of Frederick Franklin Fulton, contrary to Section 235(1) of the Criminal Code of Canada and amendments thereto.

COUNT #2:  on or about the 24th day of April, A.D. 2005 at or near Minto, County of Sunbury and Province of New Brunswick, did commit first degree murder on the person of Veronica Decarie, contrary to Section 235(1) of the Criminal Code of Canada and amendments thereto.

| | |
|---|---|
| _____ | _____ |
| Signature of Informant | Signature du dénonciateur |
| SWORN BEFORE ME | FAIT SOUS SERMENT DEVANT MOI |
| this 29th day of April, 2005 | le _____ jour de _____ |
| at     Fredericton | à _____ |
| New Brunswick, | Nouveau-Brunswick. |
| _____ | _____ |
| Judge of Provincial Court | Juge de la Cour provinciale |
| Province of New Brunswick | Province du Nouveau-Brunswick |
| Information No. | Dénonciateur No. |
| J.I.S. No.   07137005 | J.I.S. Cause No. |
| Date of Birth   02276106 | Date de naissance |

| Date | Endorsement / Inscription | Signature |
|------|---------------------------|-----------|
| April 27/05 | *(handwritten, illegible)* | *(signature)* |

**PROSECUTOR'S INFORMATION SHEET**
**DEPARTMENT OF JUSTICE**

FICHE DE RENSEIGNEMENTS À L'USAGE DU PROCUREUR
MINISTÈRE DE LA JUSTICE

AS-3681 (1884)

**1. OFFENCE(S) / DSLI* '(S)**

| Occurrence No. / N° d'incident | | M | DJ | YA / AA | | Age / Lieu | Time / Heure |
|---|---|---|---|---|---|---|---|
| 2005-006 | | M | 26 | 2005 | | Minto, New Brunswick | 13:01 |

| Offence(s) / Chef(s) | | Section and Act / Article et loi | | Section and Act / Article et loi | | Section and Act / Article et loi |
|---|---|---|---|---|---|---|
| Murder | 1 | 235(1) | 2 | | 3 | |

**2. POLICE OFFICER / AGENT DE POLICE**

| Det. Office No. / Sureté N° | Investigating Members / Enquêteur(s) | | I.B.N. / N.B.I. |
|---|---|---|---|
| RCMP, Major Crime Unit | Cst. Allan ROGERS / Sgt. Gerard BELLIVEAU | | |

**3. DEFENDANT**

Young Offender / Jeune contrevenant    Adult / Adulte(s)

| Surname / Nom de famille | | G1 / P1 | Alias | Alias |
|---|---|---|---|---|
| DESPRES | | Gregory | | |

| Sex / Sexe | D.O.B. / Dt de naiss. | Age / Âge | P.O.B. / L.B.N. | Parents Name and Phone No. / Nom des parents et n° de téléphone |
|---|---|---|---|---|
| M | 5 19 1992 | | New Brunswick | Jeannie DESPRES and Glenden MEYER |

Parents Same Address / Même adresse des parents    Different Address & Phone No. / Adresse différente et n° de téléphone

| Address / Adresse | | | |
|---|---|---|---|
| 354 Elppy Road, Minto, NB | Vehicle License Plate / Plaque d'immatriculation du véhicule | Issuing Province / Province de délivrance |

Driver's Licence No. / Permis de conduire n°

Vehicle Safety Class Vehicle / Véhicule conforme au Code national de sécurité    Yes, Number / Si oui, n°

Yes / Oui    No / Non

**4. COMPLETE THE FOLLOWING FOR ALL CRIMINAL CODE OFFENCES / RÉPONDRE AUX QUESTIONS SUIVANTES POUR TOUTE INFRACTION AU CODE CRIMINEL**

Yes / Oui ☑    No / Non ☐

Is there a victim? / Existe-t-il y a-t-il une victime?

- If yes, indicate one or a principle of the following:

☐ F1
☐ F2
☐ F3
☐ F4
☐ F5
☐ F6

☐ F7 Child, no relation (estranged) to accused
☐ F8
☐ F9
☐ F10 Parent of accused
☐ F11
☐ F12
☐ F13

**PARTICULARS OF OFFENCE(S) (INCLUDE ANY "ET AL", ADDITIONAL CHARGES) / DÉTAILS DU (DES) DÉLIT(S) (INCLURE TOUT COMPLICE ET AUTRES ACCUSATION)**

See attached Appendix A

_signature_ Allan Rogers Cst    2005-05-02

| Alternative Measures Recommended / Mesures de rechange recommandées | Yes / Oui ☐ No / Non ☐ | Member's Signature / Signature du membre | Date |
| Approved / Approuvé | Yes / Oui ☐ No / Non ☐ | Attorney General Signature / Signature du Procureur général | Date |
| Accredited / Accrédité | ☐ | | |
| Denied/Returned Back / Refusé/retourné | ☐ | Alternative Measures Coordinator Signature / Signature du coordonnateur des mesures de rechange | Date |

Victim / Witness(es) / Victime / Témoin(s)

| Name / Nom | Address / Adresse |
|---|---|
| | |
| | |
| | |
| | |

**Court Information / Renseignements judiciaires**

| Trial and Witness / | C.P.I.C. Check / Vérification auprès du C.P.I.C. | Value of Property Involved / Valeur des biens en cause |
|---|---|---|
| Driving Driving Offence, Driver Record Check / Infraction de conduite avec facultés affaiblies, Vérification du dossier du conducteur | Name of Prosecutor / Nom du procureur | |
| Green Recommendation / Recommandation de la Couronne | | |

**Adjudication / Jugement**

| Sentence / Peine | | Manner Witnessing Conviction / Témoin de la condamnation |
| Prosecutor / Procureur | | Defence Counsel / Avocat de la défense |

| Date of Trial / Date d'procès | | Place of Trial / Lieu du procès | | |
| Plea / Plaidoyer | | Fine / Amende | Costs / Frais | In Default / Numéro d'amende |
| Time to Pay / Délai de paiement | | Licence Suspended/Loss of vehicle imposed / | Victims / Conditions |

WITS - Crown Prosecutor / Procureur de la Couronne    Canary - Court / Cour    Pink - Police    Returned - Diversion

Appendix "A"

## Frederick FULTON "Et-Al"
## Double Homicide
## Minto, N.B.

1. On Saturday August 21, 2004, at approximately 19:30 hrs Tammy MOWAT called 911 and advised the RCMP that they were having a family gathering at her husband's grandfathers residence, Fred FULTON, when all of a sudden there was lots of loud noise coming from the outside. Fred MOWAT, FULTON's grandson, went out to see what was going on. Fred MOWAT confronted a neighbour, Greg DESPRES, who had been bothering his grandfather in the past month. DESPRES pulled a large knife on MOWAT and held it to MOWAT's chest. RCMP attended 358 Slope Road, Minto, Sunbury County, NB and spoke to the victim Fred MOWAT. MOWAT advised that he and DESPRES got in each other's face when DESPRES pulled out his knife and pointed it to his chest. MOWAT said the he was not scared of DESPRES and chased him from his grandfathers residence at 358 Slope Road. Shortly after MOWAT chased DESPRES away, DESPRES appeared back on the road yelling and screaming with a knife again. MOWAT went back outside and chased DESPRES away again until the police arrived. Tammy heard DESPRES threaten Fred MOWAT. MOWAT stated that DESPRES was mad because he thinks MOWAT's grandfather turned off DESPRES water and no one has water there as there is something wrong with the well. MOWAT stated that DESPRES threatened that, "he's going to get us all". MOWAT was concerned with DESPRES as he was causing problems with MOWAT's grandfather, Fred FULTON, who is very ill. MOWAT sais that DESPRES turns up the music loud all night and runs tools in the yard all hours of the day, etc. Greg DESPRES was arrested a short time later at his own residence at 354 Slope Road. At the time of his arrest had a large bayonette tucked in his belt. DEPRES was subsequently charged with Uttering Threats and Assault with a weapon. Both matters went to trial on March 16th, 2005 at which time DESPRES was found guilty. The matter was set over until April 25th, 2005 for sentencing. A Pre-Sentence Report was ordered by the trial Judge.

2. On April 21st, 2005, Probation Officer, Douglas PITTS prepared a Pre-Sentence Report on Greg DESPRES that stated amongst other things, "Mr. DESPRES and his lifestyle have been of some annoyance to his neighbors and he has had difficulty with them in the past. His current offence involves his neighbors." Mr. PITTS wrote in his conclusion, " This writer does have concerns about Gregory DESPRES' mental wellness. Having said this he did report he does not hear voices or hallucinations. This writer feels some of his behaviour is questionable. This writer would respectfully suggest that in addition to any sentence that may be imposed by the court for these offences, the court may wish to direct that Gregory Allen DESPRES receive some form of community supervision in the future. While on community supervision he would be directed to the Mental Health Clinic for an assessment as well as to follow any counselling directions. It is also felt that he be restricted in the types and natures of weapons he could possess at this time."

MAY 02 2005 13:18 FR RCMP J DIV        506 4523664        506 4523664 TO 94535364        P.03

3.     On April 23rd, 2005, at 8:45 P.M. Fred FULTON and his common law wife Veronica DECARIE, were both at their home at 358 Slope Road, Minto, N.B.  They had just had a visit with a family friend, John EDGARS.  When EDGARS left there was no concerns of any problems for or with Mr. FULTON and his wife, Veronica.

4.     On the evening of April 23rd, 2005 Greg DESPRES was at his residence at 354 Slope Road at approximately 6:00 P.M. as his grandfather had taken him to the local bank then dropped him home at that time.

5.     Sometime during the late evening of April 23rd, 2005 and the early morning hours of April 24th, 2005 Greg DESPRES approached the FULTON residence by the commonly used side door stairway. It appears that he cut (knife) the screen door and unlocked it by turning a hand made door lock holder made of wood. He then proceeded to the residence rear door, being the entrance to the kitchen room, kicked the locked door open, (foot print on the door surface & evidence the door was forced open) DESPRES then proceeded directly to the victim's bedroom where he attacked Veronica DECARIE stabbing her several times. DESPRES also attacked and stabbed Mr. FULTON several times. It appears as if Mr. FULTON ran to the bathroom where he attempted to get cover by pinning himself down between the bathtub and the door using his legs to prevent DESPRES from opening the door. At some point the assault resumed, Mr. FULTON attempted to escape from the residence but was caught on the porch by DESPRES. DESPRES hauled Mr. FULTON back inside the kitchen where he continued to attack Mr. FULTON and ultimately beheaded him. DESPRES placed Mr. FULTON's severed head inside a pillow case which was later found on the floor near FULTON's body. DESPRES, either before hauling Mr. FULTON's body back inside the kitchen from the porch or as he exited the premise cut the screen with his knife and pulled the outdoor light sensor switch rendering it inoperable. DESPRES searched DECARIE's purse that was in the kitchen at which time he took her car keys and possibly some money.

6      On Sunday, April 24th, 2005 between 09:00 hrs to 10:00 hrs Fred FULTON ( Deceased ) traditionally called his son Carl FULTON at this time but on this date he did not. At 12:00 hrs John EDGERS went into Minto around noon to get some milk at which time he noticed that Fulton's car was not in the driveway.

7.     On Monday, April 25th, 2005 at 00:01 hrs John & Reita TAYLOR of 4 Boundary Street, St Stephen were driving south to St. Stephen around midnight on Hwy # 3 between the Lawrence Station Regional Landfill and Brockway when they observed a male standing on the side of the hwy in heavy rain folding what she described as a white sheet. This person was standing near a bridge that crosses Hwy # 3 near a water flowage area.

8.     On April 25th, 2005 at 03:30 hrs to 03:34 hrs a guy fitting Despres description was picked up hitch hiking at Lawrence Station on Hwy #3 by Ernie DAYE and dropped off at

Andersonville Church at the intersection of Hwy # 3 & Rt. # 630.  Despres carrying his
chain saw and back pack.

9.    On April 25th, 2005 at approximately 05:30 hrs Alvin Andrew MOFFITT was hauling
      wood from Nackawic to the mill in Woodland, Maine, along Hwy #3 when the trucker in
      front of him, Roger Morrow called him on the radio to tell him to watch out for the guy
      walking on the side of the highway. This would have been at "Goat Brook" which is
      approximately two kilometers south along Hwy #3 below the church where you turn off
      to go to McAdam ( intersection 630 where DAYE dropped off Despres ).  When
      MOFFITT went past the guy he saw that he had on a pair of baggy white pants, black type
      jacket with a hood and he was carrying something that looked like a black ski-doo
      helmet.

10.   On April 25th, 2005 between 06:30 hrs to 07:00 hrs Greg Harnish picked up a guy fitting
      Despres description around 6:30 hrs between Lawrence Station and Dewolfe along Hwy
      #3.  Harnish said it was either Monday or Tuesday morning and it was raining heavily.
      Harnish stated that the guy was wearing a full face black motor cycle helmet when he
      picked him up.  The guy took off the helmet when he got into the vehicle.  He sat in the
      back seat even though the front seat was empty.  The guy had a bag, brown or a dark
      beige, with a few tools sticking out of it.  One looked like a machette, the other one was a
      flat hatchet and a green chain saw maybe a "pollen".  Harnish asked him if he worked in
      the woods and he said he was meeting someone and they were going to work in the
      woods.  When they got near town Harnish asked him where he wanted to be dropped off.
      The guy said he wanted to go somewhere near a phone where he could call the person he
      was suppose to be meeting up with.  Harnish offered to take him to the mall but the guy
      said he rather not go there where there was a lot of people around.  Harnish kept going
      into town to the next phone which is on the side of McNay's Restaurant on King street.
      Harnish showed him the phone and he said that would be fine and he dropped him off
      there.  The guy had dark hair real short on the sides, longer in the middle like a mohawk
      and brown eyes.  It was around 7:00 hrs when Harnish dropped him off.

11.   On April 25th, 2005 between 08:00 hrs to 8:30 hrs Donald Philips was opening his store,
      Philip's Furniture Monday morning when he saw a male walking with a chain saw.  He
      opened the back door to his store and saw the same male taking off a pair of pants and
      putting them in a shopping cart behind his business, Philip's Furniture in St. Stephen.
      The pants were still in the cart on April 27th so he placed them inside his store until they
      were seized by police on April 28th.  Subsequent inspection of the pants found by Mr.
      PHILIPS showed that they contain traces of suspected blood.

12.   On April 25th, 2005 between 08:30 hrs to 08:45 hrs Despres crosses from St. Stephen,
      N.B. into Calais, Maine where he is questioned by US authorities and has some of his
      belongings seized, including a chainsaw, samurai sword, dagger, brass knuckles, axe,
      knife, plastic tiedowns and a mouth guard.  Despres was also wearing a military flak
      jacket and had told the Customs Officers that he was a Lieutenant in the US Marines.
      Despres, being a Canadian-born, naturalized U.S. citizen, was released into the US as he

Case 1:05-mj-00822-MBB   Document 1-3   Filed 05/09/2005   Page 32 of 19

hadn't committed any violations of law in the US.

13. On April 25th, 2005 between 08:30 hrs to 09:00 hrs Stacie LeFrance sees a male person in his early 20's walking down King Street in St. Stephen near the "East Coast Action Sports" store. He had a greenish coloured chain saw hanging off of a book bag he had on his back pack. He also had a strange hair cut.

14. On April 25th, 2005 at 10:00 hrs Greg Despres was scheduled to appear in Burton Provincial court to be sentenced on Aug. 21, 2004, charges of assaulting Frederick Mowat with a knife and threatening him. Despres did not show and a warrant was issued for his arrest for failure to appear.

15. On April 25th, 2005 at 10:30 hrs, Cst. Ross DAVIS, St. Stephen Detachment, received a call from the U.S. Immigration Main port by Officer Jake CHAMBERS to attend the office. Officer CHAMBERS stated that he had a male person there by the name of Gregory DESPRES and wanted Cst. DAVIS to query a serial # from a chainsaw that Gregory was carrying. Officer CHAMBERS showed Cst. DAVIS some other weapons that were carried by Greg, one a long home-made sword similar to a Ninja sword but ground from what appeared to be aluminum it has his last name engraved in it and a swastika symbol beside it and a wooden handle. There was a hatchet, a mouth guard (black), two brass knuckles, but appeared to be home-made from aluminum, a small black container of pepper spray, 1 white pull tie, 1 green purple chainsaw. Officer CHAMBERS pointed out to Cst. DAVIS what appeared to be blood spots on the chainsaw. Cst. DAVIS did see light red spatter on the saw. Officer CHAMBERS told Cst. DAVIS that Gregory said he had hiked from PEI and had been dropped off at Tim Horton's in St. Stephen, walked to Immigration through St. Stephen. Officer CHAMBERS said that Gregory stated he was a Sergeant in the Marine core that he had a helicopter waiting for him that he worked for the President. Officer CHAMBERS said he could not stop him from entering the U.S, after, he was cleared. Gregory walked out the door and down the road towards Calais.

16. On April 25th, 2005 at 13:15 hrs Alvin Andrew MOFFITT, who had past a guy carrying a black ski-doo type helmet earlier in the morning around 05:30 hrs, was on his second return trip from the mill in Woodland, Maine, when he saw the same guy he saw earlier in the morning in Milltown on the US side near the Canadian border. ( MOFFITT had just left the scales about fifteen minutes earlier and had a time card to show the time. ) MOFFITT noticed this time that the guy had a mohawk hair cut and the same cloths as before.

17. On April 25th, 2005 between 18:00 hrs to 20:00 hrs Despres seen at the Irving Big Stop in Baileyville, Maine.

18. On Tuesday, April 26th, 2005 at 15:01 hrs a 911 was placed by Paul LeBlanc after Debbie

Mowat discovered the remains of her father at 358 Slope Road. Paul Joseph LEBLANC, advised that his wife, Therese LEBLANC, heard a person screaming outside. Upon closer investigation Therese, saw that it was Debbie MOWAT, standing outside at the head of Fred FULTON's driveway. When Paul LEBLANC went outside, his wife was already talking to MOWAT. They asked MOWAT what happened. MOWAT advised that her dad was on the floor dead and that someone cut his head off. Paul LEBLANC used his portable telephone to call 911 and advised them of the information as he knew it. Paul LEBLANC advised that he last saw FULTON on Saturday, April 23rd, 2005 between 2 P.M. and 4 P.M. when was outside getting his newspaper. LEBLANC further advised that he last saw Greg DESPRES on Saturday, April 23rd, 2005 at about 12:00 P.M. when he drove past his trailer and noticed that the door was open. LEBLANC also saw him putting boards on the side of his shed. LEBLANC further advised police that he saw DESPRES a few weeks ago with a large knife tucked into the back of his pants. The knife he saw had a light brown leather sheath.

19.    On April, 26th, 2005 at 19:06 hrs Cpl. Don HULSMAN from RCMP Identification Section and Cst. Allan ROGERS of RCMP Major Crime Unit entered the residence at 358 Slope Road and found the remains of a male subject, who had been decapitated laying in the middle of the kitchen floor.

20.    On Wednesday, April 27th, 2005 at 00:30 hrs (Atlantic Time) Greg Despres was arrested in Mattapoisett, Mass., at 23:30 hrs, local time "Eastern" time, on 2005-04-26, about 90 kilometres south of Boston. He was charged with being a fugitive from justice. At the time of his arrest DESPRES was in possession of clothing and boots that had on them traces of suspected blood.

21.    On April 27th, 2005, Cpl. Dan PARLEE did an aerial search in a US Border Patrol Helicopter flown by Sgt. Gary BAER. That at 11:30 hrs they spotted red Ford Taurus in a gravel pit off of Route 3 near #5145, Brockway, New Brunswick. The vehicle was confirmed to be the victim's missing vehicle, GCU 831. That at 12:20 hrs, Cpl. PARLEE turned the vehicle over to Cpl. Paul OUELLETTE's possession.

22.    On April 27th, 2005, at 09:54 hrs, Cst. Greg LUPSON took a witness statement from Bertha DESPRES, grandmother to Gregory DESPRES. Bertha states Gregory wears boots that lace up high in the front. That the boots were old, but he kept them clean, used brush and polish. It was abnormal for Gregory to take all of his clothes, that he usually changes to clean clothes, comes back dirty and changes. He would have taken dress shirt (court shirt) with him. Only has one other pair of footwear, old sneakers, normally wears his boots. Bertha indicated there was some clothes in his room (no door) but they're all clean now. There was a knife on the dresser and a sword on the wall. Doesn't know if he took that home on Saturday or not. Computer is in Adolph's room. Bertha does not know how to use it. Sneakers are not in residence now, never wore them much she states. She said that Gregory stated they'd never take him alive with respect to court, should they ever try to handcuff him.

23. On April 27ᵗʰ, 2005 at 11:26 hrs, Cst. Greg LUPSON took a witness statement from Adolph DESPRES, grandfather to Gregory DESPRES, where he stated that Gregory liked to talk to himself in the mirror for hours. Thought there was definitely something wrong with him but couldn't do anything about it.  Heard that Gregory made his own weapons such as a sword made out of aluminum cause he had taken a piece of aluminum from him. Thought the sword was hanging up on the wall in the shed. That Gregory was wearing his black boots, the army boots and that he kept them shined up just like in the cadets. Also wearing black shiny pants, and a black sweat shirt with a hood on it and his knapsack.

24. RCMP Major Crime Unit and continue to investigate in co-operation with American Authorities.

02/05 2005 14:05 FAX 613 957 8412

APR-28-2005  17:05         JTAT- F. SUMMIT          5069604054         5069604054    P.02

On Wednesday, April 27th, 2005 at 1:43pm (AST) Corporal Kevin Jackson and Constable Lise Robichaud, Peace Officers and members of the Royal Canadian Mounted Police viewed the following items at Calais, Maine, in the United States of America:

1. One chainsaw, green and purple in color with a black chain bar. Possibly a Poulan.

2. One homemade sword with a wooden handle. Blade appears to be constructed of aluminum.

3. One hatchet, rusted

4. One knife, silver blade with a wooden handle

5. Two homemade "brass knuckles" which appear to be constructed of aluminum

6. One black container which appears to be "pepper spray" or OC spray

The above items are under the control of exhibit custodian Timothy Lacasse, Assistant Area Port Director, United States Customs and Border Protection, United States Department of Homeland Security.

Corporal Kevin Jackson has viewed a copy of the Custody Receipt for Seized Property and Evidence compiled by United States Customs and Border Protection officer John Chambers and signed by Timothy Lacasse and can state the above described items accurately reflect property recorded as seized from Gregory Despres on the 25th day of April, 2005 at 3 Customs Street, Calais, Maine in the United States of America.

Dated this 28th day of April, 2005 at Oromocto, Sunbury County, New Brunswick.

Kevin Jackson, Corporal
District 2 Oromocto G.I.S.
(506)357-4300

04/29/05  14:54      PUBLIC PROSECUTIONS → 613 957 8412         NO.974  P002/002

## Assaults

Uttering threats      **264.1** (1) Every one commits an offence who, in any manner, knowingly utters, conveys or causes any person to receive a threat

(a) to cause death or bodily harm to any person;

(b) to burn, destroy or damage real or personal property; or

(c) to kill, poison or injure an animal or bird that is the property of any person.

Punishment      (2) Every one who commits an offence under paragraph (1)(a) is guilty of

(a) an indictable offence and liable to imprisonment for a term not exceeding five years; or

(b) an offence punishable on summary conviction and liable to imprisonment for a term not exceeding eighteen months.

http://laws.justice.gc.ca/en/C-46/42801.html

2005-04-27

**267.** Every one who, in committing an assault,

(a) carries, uses or threatens to use a weapon or an imitation thereof, or

(b) causes bodily harm to the complainant,

is guilty of an indictable offence and liable to imprisonment for a term not exceeding ten years or an offence punishable on summary conviction and liable to imprisonment for a term not exceeding eighteen months.

R.S., 1985, c. C-46, s. 267; 1994, c. 44, s. 17.

large without excuse

**145.** (1) Every one who

(a) escapes from lawful custody, or

(b) is, before the expiration of a term of imprisonment to which he was sentenced, at large in or out of Canada without lawful excuse, the proof of which lies on him,

is guilty of an indictable offence and liable to imprisonment for a term not exceeding two years or is guilty of an offence punishable on summary conviction.

Failure to attend court

(2) Every one who,

(a) being at large on his undertaking or recognizance given to or entered into before a justice or judge, fails, without lawful excuse, the proof of which lies on him, to attend court in accordance with the undertaking or recognizance, or

(b) having appeared before a court, justice or judge, fails, without lawful excuse, the proof of which lies on him, to attend court as thereafter required by the court, justice or judge,

or to surrender himself in accordance with an order of the court, justice or judge, as the case may be, is guilty of an indictable offence and liable to imprisonment for a term not exceeding two years or is guilty of an offence punishable on summary conviction.

injury that results in death, he causes the death of that human being notwithstanding that the effect of the bodily injury is only to accelerate his death from a disease or disorder arising from some other cause.

R.S., c. C-34, s. 209.

227. [Repealed, 1999, c. 5, s. 9]

**Killing by influence on the mind**

228. No person commits culpable homicide where he causes the death of a human being

(a) by any influence on the mind alone, or

(b) by any disorder or disease resulting from influence on the mind alone,

but this section does not apply where a person causes the death of a child or sick person by wilfully frightening him.

R.S., c. C-34, s. 211.

### Murder, Manslaughter and Infanticide

**Murder**

229. Culpable homicide is murder

(a) where the person who causes the death of a human being

(i) means to cause his death, or

(ii) means to cause him bodily harm that he knows is likely to cause his death, and is reckless whether death ensues or not;

(b) where a person, meaning to cause death to a human being or meaning to cause him bodily harm that he knows is likely to cause his death, and being reckless whether death ensues or not, by accident or mistake causes death to another human being, notwithstanding that he does not mean to cause death or bodily harm to that human being; or

(c) where a person, for an unlawful object, does anything that he knows or ought to know is likely to cause death, and thereby causes death to a human being, notwithstanding that he desires to effect his object without causing death or bodily harm to any human being.

R.S., c. C-34, s. 212.

**Murder in commission of offences**

230. Culpable homicide is murder where a person causes the death of a human being while committing or attempting to commit high treason or treason or an offence mentioned in section 52 (sabotage), 75 (piratical acts), 76 (hijacking an aircraft), 144 or subsection 145(1) or sections 146 to 148 (escape or rescue from prison or

lawful custody), section 270 (assaulting a peace officer), section 271 (sexual assault), 272 (sexual assault with a weapon, threats to a third party or causing bodily harm), 273 (aggravated sexual assault), 279 (kidnapping and forcible confinement), 279.1 (hostage taking), 343 (robbery), 348 (breaking and entering) or 433 or 434 (arson), whether or not the person means to cause death to any human being and whether or not he knows that death is likely to be caused to any human being, if

(a) he means to cause bodily harm for the purpose of

(i) facilitating the commission of the offence, or

(ii) facilitating his flight after committing or attempting to commit the offence,

and the death ensues from the bodily harm;

(b) he administers a stupefying or overpowering thing for a purpose mentioned in paragraph (a), and the death ensues therefrom; or

(c) he wilfully stops, by any means, the breath of a human being for a purpose mentioned in paragraph (a), and the death ensues therefrom.

(d) [Repealed, 1991, c. 4, s. 1]

R.S., 1985, c. C-46, s. 230; R.S., 1985, c. 27 (1st Supp.), s. 40; 1991, c. 4, s. 1.

**Classification of murder**

231. (1) Murder is first degree murder or second degree murder.

**Planned and deliberate murder**

(2) Murder is first degree murder when it is planned and deliberate.

**Contracted murder**

(3) Without limiting the generality of subsection (2), murder is planned and deliberate when it is committed pursuant to an arrangement under which money or anything of value passes or is intended to pass from one person to another, or is promised by one person to another, as consideration for that other's causing or assisting in causing the death of anyone or counselling another person to do any act causing or assisting in causing that death.

**Murder of peace officer, etc.**

(4) Irrespective of whether a murder is planned and deliberate on the part of any person, murder is first degree murder when the victim is

(a) a police officer, police constable, constable, sheriff, deputy sheriff, sheriff's officer or other person employed for the preservation and maintenance of the public peace, acting in the course of his duties;

(b) a warden, deputy warden, instructor, keeper, jailer, guard or other officer or a permanent employee of a

Case 1:05-mj-00822-MBB    Document 1-3    Filed 05/09/2005    Page 13 of 19

prison, acting in the course of his duties; or

(c) a person working in a prison with the permission of the prison authorities and acting in the course of his work therein.

**Hijacking, sexual assault or kidnapping**

(5) Irrespective of whether a murder is planned and deliberate on the part of any person, murder is first degree murder in respect of a person when the death is caused by that person while committing or attempting to commit an offence under one of the following sections:

(a) section 76 (hijacking an aircraft);

(b) section 271 (sexual assault);

(c) section 272 (sexual assault with a weapon, threats to a third party or causing bodily harm);

(d) section 273 (aggravated sexual assault);

(e) section 279 (kidnapping and forcible confinement); or

(f) section 279.1 (hostage taking).

**Criminal harassment**

(6) Irrespective of whether a murder is planned and deliberate on the part of any person, murder is first degree murder when the death is caused by that person while committing or attempting to commit an offence under section 264 and the person committing that offence intended to cause the person murdered to fear for the safety of the person murdered or the safety of anyone known to the person murdered.

**Murder during terrorist activity**

(6.01) Irrespective of whether a murder is planned and deliberate on the part of a person, murder is first degree murder when the death is caused while committing or attempting to commit an indictable offence under this or any other Act of Parliament where the act or omission constituting the offence also constitutes a terrorist activity.

**Using explosives in association with criminal organization**

(6.1) Irrespective of whether a murder is planned and deliberate on the part of a person, murder is first degree murder when the death is caused while committing or attempting to commit an offence under section 81 for the benefit of, at the direction of or in association with a criminal organization.

**Intimidation**

(6.2) Irrespective of whether a murder is planned and deliberate on the part of a person, murder is first degree murder when the death is caused while committing or attempting to commit an offence under section 423.1.

**Second degree murder**

(7) All murder that is not first degree murder is second degree murder.

R.S., 1985, c. C-46, s. 231; R.S., 1985, c. 27 (1st Supp.), ss. 7, 35, 40, 185(F), c. 1 (4th Supp.), s. 18(F); 1997, c. 16, s. 3, c. 23, s. 8; 2001, c. 32, s. 9, c. 41, s. 9.

**Murder reduced to manslaughter**

232. (1) Culpable homicide that otherwise would be murder may be reduced to manslaughter if the person who committed it did so in the heat of passion caused by sudden provocation.

**What is provocation**

(2) A wrongful act or an insult that is of such a nature as to be sufficient to deprive an ordinary person of the power of self-control is provocation for the purposes of this section if the accused acted on it on the sudden and before there was time for his passion to cool.

**Questions of fact**

(3) For the purposes of this section, the questions

(a) whether a particular wrongful act or insult amounted to provocation, and

(b) whether the accused was deprived of the power of self-control by the provocation that he alleges he received,

are questions of fact, but no one shall be deemed to have given provocation to another by doing anything that he had a legal right to do, or by doing anything that the accused incited him to do in order to provide the accused with an excuse for causing death or bodily harm to any human being.

**Death during illegal arrest**

(4) Culpable homicide that otherwise would be murder is not necessarily manslaughter by reason only that it was committed by a person who was being arrested illegally, but the fact that the illegality of the arrest was known to the accused may be evidence of provocation for the purpose of this section.

R.S., c. C-34, s. 215.

**Infanticide**

233. A female person commits infanticide when by a wilful act or omission she causes the death of her newly-born child, if at the time of the act or omission she is not fully recovered from the effects of giving birth to the child and by reason thereof or of the effect of lactation consequent on the birth of the child her mind is then disturbed.

R.S., c. C-34, s. 216.

**Manslaughter**

234. Culpable homicide that is not murder or infanticide is manslaughter.

R.S., c. C-34, s. 217.

**Punishment for murder**

235. (1) Every one who commits first degree murder or second degree murder is guilty of an indictable offence and shall be sentenced to imprisonment for life.

**Minimum punishment**

(2) For the purposes of Part XXIII, the sentence of imprisonment for life prescribed by this section is a minimum punishment.

R.S., c. C-34, s. 218; 1973-74, c. 38, s. 3; 1974-75-76, c.











