UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of the Extradition  ) | |
| ) | |
| of Gregory Allan Despres,  ) | No. MJ-05-822-MBB |
| ) | |
| A fugitive from Canada  ) | |
| ) | |

**NOTICE OF FORMAL EXTRADITION REQUEST
AND MEMORANDUM OF LAW**

**I. Introduction.**

Pursuant to a Complaint and Warrant issued from this court, Gregory Allan Despres was provisionally arrested with a view toward extradition at the request of the government of Canada. Pursuant to the extradition treaty between the United States and Canada, the Canadian authorities were obliged to present a formal request for Gregory Allan Despres's surrender, supported by appropriate documentation, by on or about July 12, 2005, sixty days from the date of his transfer to federal custody. See Treaty on Extradition between the United States of America and Canada, signed at Washington, DC, on December 3, 1971 (27 UST 983; TIAS 8237), and amended by an exchange of notes signed at Washington, DC, on June 28 and July 9, 1974, and further amended by Protocol signed at Ottawa on January 11, 1988 (1853 UNTS 407) (together referred to herein as "the Treaty"), Articles 2, 11, 14.[1]

On July 5, 2005 in Ottawa, Canada, the Consul General of the United States certified that the government of Canada had transmitted a properly authenticated request to the government of

---

[1] If, within this time period, the documentation is received by the American Embassy in the foreign country seeking extradition, the treaty has been complied with. United States v. Wiebe; 733 F.2d 549 (8th Cir.1984). The initial documentation may be supplemented at a later time, if necessary. See p. 9-10, infra.

the United States for Despres' extradition. On July 8, 2005, the United States received a Diplomatic note from the government of Canada, along with supporting documents, requesting formal extradition of Gregory Allan Despres.

Pursuant to Section 3184 of Chapter 18 of the United States Code, this Court must now hold a hearing to consider the "evidence of criminality presented" and determine whether Gregory Allan Despres should be extradited. To this end, upon approval of and transmission from the United States Department of State, the Government will submit to this court, an "Extradition Package", consisting of the Department of State's Declaration, the government of Canada's formal request for extradition, supporting documents, a copy of the extradition treaty, and a certificate from the principal American diplomatic or consular officer in Canada. This memorandum is offered for the convenience of court and counsel, to provide a resource of the legal standards which govern the scope of and procedure at an extradition hearing.

**II. Purpose of Extradition Hearing.**

At a hearing pursuant to Section 3184, the court determines whether the person arrested is subject to surrender to the foreign country under the terms of the applicable treaty, as well as under the relevant statutes (e.g. 18 U.S.C. §3184 et seq.) and caselaw. In essence, the court must determine whether the following conditions are present:

   1) The hearing court has jurisdiction to conduct the extradition hearing, and proper jurisdiction over the fugitive;

   2) The fugitive is being sought for offenses for which the applicable treaty permits extradition; and

   3) There is sufficient evidence to establish that the individual appearing in court is the

fugitive sought, and committed the offense charged.

See Bingham v. Bradley, 241 U.S. 511, 516-517 (1916); McNamara v. Henkel, 226 U.S. 520, 523 (1913); Ornelas v. Ruiz, 161 U.S. 502, 508, 509 (1896).

*1. Jurisdiction.*

A magistrate or judge may certify an extradition only after having received a "complaint made under oath, charging any person found within his jurisdiction" with having committed any of the crimes provided for by the governing treaty in the country requesting extradition. 18 U.S.C. §3184; 28 U.S.C. §683(a); Rules for United States Magistrate Judges in the United States District Court for the District Court for the District of Massachusetts, Rule 1(e). In ruling on the extradition request, the court must first determine whether the person named in the complaint is the individual brought before the court. See Quinn v. Robinson, 783 F.2d 776, 790 (9th Cir.), cert. denied, 479 U.S. 882 (1986).

*2. Applicability of the Extradition Treaty.*

The court must next establish that the offense alleged in the complaint is extraditable by examining the relevant treaty's list of extraditable crimes. Quinn v. Robinson, supra at 783 F.2d 782-783. Moreover, in this case, Article 2 of the Extradition Treaty requires that the offense for which extradition is sought be criminal under the laws of both the United States and Canada.[2] This "double criminality" requirement does not require that the Canadian crime be identical to the American offense which would have been charged. All that is required is that the underlying

---

[2] Gregory Allan Despres is charged with or has been convicted of having committed crimes in Canada which are punishable in both Canada and the U.S. by greater than one year of imprisonment. See 18 U.S.C. §1111; 18 U.S.C. §1073; M.G.L. c. 265 §1; M.G.L. c. 265 §13A; Criminal Code of Canada, §§ 145(2)(b), 229, 231, 235(1), 264.1(2)(b), 267(a).

acts be punishable under both legal systems. See Collins v. Loisel, 259 U.S. 309, 312 (1922) ("[T]he law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of liability be coextensive, or, in other respects, the same in the two countries.  It is enough if the particular act charged is criminal in both jurisdictions"). Accord Kelly v. Griffin, 241 U.S. 6, 15 (1916); Brauch v. Raiche, 618 F.2d 843, 851 (lst Cir. 1980) (either a violation of federal or state law suffices); United States v. Sensi, 979 F.2d 888, 893-894 (D.C. Cir. 1989); Cucuzzella v. Keliikoa, 638 F.2d 105 (9th Cir. 1981).[3]

When interpreting the treaty, the extradition court must construe its provisions liberally, in a manner favoring extradition. Factor v. Laubenheimer, 290 U.S. 276, 283, 293-294 (1933); United States v. Wiebe, 733 F.2d 549, 554 (8th Cir. 1984).  More specifically, since there is an overriding interest in carrying out the United States's treaty obligation to surrender the fugitive to be tried for his alleged offenses and sentenced for the ones for which he has been convicted, the treaty "should be construed more liberally than a criminal statute or the technical requirements of criminal procedure."[4] Factor v. Laubenheimer, supra at 290 U.S. 298; United States v. Wiebe, supra. Accordingly, "[f]orm is not to be insisted upon beyond the requirements of safety and justice." Fernandez v. Phillips, 268 U.S. 311, 312 (1925).[5]

---

[3]It should be noted that, absent a specific treaty provision to the contrary, the expiration of the statute of limitations is not a defense to extradition. United States v. Galanis, 429 F. Supp. 1215 (D. Conn. 1977).

[4]Statements by the United States Department of State as to the interpretation of treaties are to be given great weight by American courts.  Factor v. Laubenheimer, supra at 290 U.S. 295; Sayne v. Shinley, 418 F.2d 679, 684 (5th Cir. 1969), cert. denied 398 U.S. 903 (1970).

[5]This liberal construction is based in part upon the recognition that foreign governments should not be expected to be versed in our Criminal laws and procedures. Grin v. Shine; 187 U.S. 181, 184-185 (1902).

*3. Standard of Proof.*

The extradition hearing is not intended to determine whether the evidence is sufficient to justify conviction, for that determination will be made by the foreign court which ultimately tries the defendant. Collins v. Loisel, supra at 259 U.S. 316; Romeo v. Roache, 820 F.2d 540, 544 (1st. Cir. 1987). Rather, the probable cause standard is utilized. Fernandez v. Phillips, 268 U.S. 311, 312 (1925); Glucksman v. Henkel, 221 U.S. 508, 511 (1910); Marchandi v. United States, 836 F.2d 1223, 1226 (9th Cir. 1988). In determining whether sufficient factual allegations have been made to justify extradition, the court must engage in a liberal reading of the supporting documents, in a manner favoring extradition. United States v. Manzi, 888 F.2d 204 (lst Cir. 1989); Mirchandani v. United States, 836 F.2d 1223 (9th Cir. 1988). In Jhirad v. Ferrandina, 536 F.2d 478, 485 (2d Cir.), cert. denied, 429 US 833 (1976), the court noted: "It is well to remember that [the fugitive's] culpability will not be determined in the United States. It is not the business of the courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation. Such an assumption would directly conflict with the principle of comity upon which extradition is based."

**III. Procedural Requirements.**

An extradition hearing is not a criminal proceeding. Neely v. Henkel, 180 U.S. 109, 122 (1901); Sabatier v. Dabrowski, 586 F.2d 866, 869 (lst Cir. 1978). Thus the Federal Rules of Criminal Procedure are not applicable, as stated in F.R.Crim.P. 1(a)(5), and there is no provision for discovery. Messina v. United States, 728 F.2d 77, 80 (2d Cir. 1984); but see Matter of Extradition of Kraiselburd, 786 F.2d 1395, 1399 (9th Cir. 1986) (limited discovery permitted in

5

court's discretion).⁶  The Federal Rules of Evidence are also inapplicable. F.R.E. ll0l(d)(3); Melia v. United States, 667 F.2d 300, 302 (2d Cir. 1981).

In addition, the Fourth, Fifth and Sixth Amendments have no application to extradition hearings; consequently no indictment is required, the accused has no right to confront the witnesses against him, has no right to a speedy trial, and cannot claim a double jeopardy bar to prosecution. See generally Neely v. Henkel, supra at 180 U.S. 122; Simmons v. Braun, 627 F.2d 635, 636 (2d Cir. 1980) (confrontation and cross-examination).

**IV.  Rules of Evidence.**

*1.  The Government's Proof.*

"Unique rules of wide latitude govern reception of evidence in Section 3184 hearings." Savne v. Shipley, 418 F.2d 679, 685, cert. denied, 398 U.S. 903 (1970); accord O'Brien v. Rozman, 554 F.2d 780, 783 (6th Cir. 1977)(upholding the reliance upon affidavit by member of the Royal Canadian Mounted Police in determination of extraditability).  For example, extradition treaties do not contemplate the introduction of testimony of live witnesses, for to do so "would defeat the whole object of the treaty." Bingham v. Bradley, supra at 241 U.S. 517. Accordingly, a finding of extraditability is almost always entirely on documentary evidence.⁷ See Shapiro v. Ferrandina, 478 F.2d 894, 902-903 (2d Cir. 1973); O'Brien v. Rozman, supra at 554 F.2d 783.

---

⁶Because discovery occasions unnecessary delays, it is not contemplated by extradition treaties. See Bingham v. Bradley, supra at 241 U.S. 517.  Discovery is especially improper when directed towards legal issues governing the Extradition Treaty. Sabatier v. Dambrowski, 453 F. Supp. 1250 (D.R.I. 1978), aff'd 586 F.2d 866 (lst Cir. 1978).

⁷This evidence must be properly certified. 18 U.S.C. §3190; Cucuzzelli v. Keliikoa, 638 F.2d 105 (9th Cir. 1981); United States v. Galanis, supra at 429 F. Supp. 1227-1228.

Hearsay is permitted. Collins v. Loisel, supra at 259 U.S. 317; O'Brien v. Rozman, supra. Indeed "a determination of probable cause in an extradition proceeding may rest entirely upon hearsay." In re Ryan, 360 F. Supp. 270, 273 (E.D.N.Y.), aff'd 478 F.2d 1397 (2d Cir. 1973); see United States v. Zananzanian, 729 F.2d 624, 626-627 (9th Cir. 1980) (unsworn written statements may properly form the basis for extradition).[8]

2. *Defense Evidence.*

The fugitive's grounds for opposing an extradition request are severely limited. He is not entitled to introduce evidence which conflicts with the evidence submitted by the requesting state, establishes an alibi or presents a defense such as insanity. Charlton v. Kelly, 229 U.S. 447, 450 (1913)(holding that evidence of present insanity, "should be taken before or at the time of his trial for the crime, and heard by the court having jursidiction of the crime"), Romeo v. Roache, 820 F.2d 540, 544 (1st. Cir. 1987)(clarifying that competency hearing is not required by due process in extradition proceedings); Hooker v. Klein, 573 F.2d 1360, 1368-1369(9th Cir. 1978); see also, Collins v. Loisel, supra at 259 U.S. 316 (permitting the introduction of defense evidence "would be in plain contravention of the intent and meaning of the extradition treaties"); Hu Yau-Leung v. Soscia, supra, at 649 F.2d 917 (alibi); Shapiro v. Ferrandina, 478 F.2d 894, 901 (2d Cir.), cert. dismissed. 414 U.S. 884 (1973); Eain v. Wilkes, 641 F.2d 504, 511 (7th Cir.), cert. denied. 454 U.S. 894 (1981) (attempt to impeach credibility of requesting country's witnesses not permitted). Moreover, procedural defenses are not permitted. Bingham v. Bradley, supra at 241 U.S. 517; Glucksman v. Henkel, supra at 221 U.S. 513-514 (variance between charges pending in the foreign country and the complaint filed in federal court not a valid defense to surrender); In re Edmondson, 352 F. Supp. 22, 24-26 (D. Minn. 1972) (minor

---

[8]Uncorroborated statements of an accomplice, made against his own penal interest, are sufficient to establish probable cause in an extradition hearing. Ibid.; See also Eain v. Wilkes, 641 F.2d 504, 510 (7th Cir.), cert. denied, 450 U.S. 894 (1981).

7

variance between pleadings and proof no bar to extradition). Instead, a fugitive's right to controvert the evidence introduced against him is "limited to testimony which explains rather than contradicts the demanding country's proof . . ." Collins v. Loisel, supra at 259 U.S. 315-317; United States ex rel. Petrushansky v. Marasco, 325 F.2d 562, 567 (2d Cir.), cert. denied, 376 U.S. 952 (1963); accord, Hooker v. Klein, supra.[9]

Neither does a fugitive does have a right to a competency hearing for the purposes of an extradition hearing.  In Romeo v. Roach, supra at 543, the First Circuit Court of Appeals reviewed a denial of a fugitive's petition for habeas corpus after a finding of extraditability and order of commitment by a Magistrate Judge of this Court.  In that case, the fugitive, who was also alleged to have committed murder in New Brunswick, Canada, and then to have crossed the border at Calais, Maine, claimed that his mental incompetency resulted in the violation of his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution.  The Court of Appeals cited to Charlton v. Kelly, supra at 450, and Sabatier v. Dabrowski, 586 F.2d 866, 869 (1st Cir. 1978), and affirmed that for the underlying *extradition* proceeding, the magistrate properly did not hold a hearing to assess the fugitive's competency, as it was not required under due process or the Sixth Amendment right to counsel in *criminal* proceedings. (emphasis added.)

In a similar manner, the defendant may not challenge the motives of the requesting government for bringing charges against him, nor may he assert that the procedures to be utilized in the requesting state's trial in chief will not comport with due process, nor that he will not receive the protections in the foreign country which he would have in the United States.  Where such issues are raised, the extradition court must reject them, based upon the well settled "rule of non-inquiry." See

---

[9]Testimony of defense witnesses, called pursuant to 18 U.S.C. §3191, will be permitted only if the subject matter of that testimony conforms to this standard. Matter of Demjanjuk, 603 F. Supp. 1463, 1465 (E.D. Ohio 1984), appeal dismissed, 762 F.2d 1012 (6th Cir. 1985).

Bingham v. Bradley, supra (United States courts will presume that the accused will receive a fair trial); Glucksman v. Henkel, supra at 221 U.S. 512 (same); Jhirad v. Ferrandina, supra at 536 F.2d 484-485; Holmes v. Laird, 459 F.2d 1211, 1219 (D.C. Cir. 1972), cert. denied 409 U.S. 869 (1972) (claim that foreign justice system did not comport with American due process irrelevant); In re Locatelli, supra at 468 F. Supp. 574 (alleged political motives behind extradition request will not be examined by american court). Instead, the resolution of these issues is for the consideration of the Secretary of State, who has the power to refuse to extradite a prisoner, despite the fact that he is properly extraditable under Title 18 of the United States Code. Quinn v. Robinson, supra at 783 F.2d 789; Sindona v. Grant, supra at 619 F.2d 174; In re Lincoln, 228 F. 70, 74 (E.D.N.Y. 1915), aff'd per curiam 241 U.S. 651 (1916).[10]

Additionally, the defendant may not attempt to argue that he did not flee from the justice system of the country now seeking extradition and is thus not a "fugitive" under Section 3484 of Chapter 18 of the United States Code; rather the nature of his departure from that country is immaterial and his mere presence in this country renders him a "fugitive" subject to extradition. Vardy v. United States, 529 F.2d 404, 407 (5th Cir. 1976); In re Chan Kam-Shu, 477 F.2d 333, 338-339 (5th Cir.), cert. denied 414 U.S. 847 (1973).

*3. Supplemental Evidence.*

Finally, if the extradition court requires additional evidence in order to arrive at a finding of extraditability, it should permit supplemental documents to be submitted by the foreign government.

---

[10] Pursuant to 18 U.S.C. §3188, the Department of State is required to surrender the defendant within two months of the last judicial act. However, once the defendant has been certified extraditable and has exhausted or has not utilized his habeas corpus remedies, he may administratively petition the Department of State for an exemption from extradition. See In re Lincoln, supra at 228 F. 74; accord United States v. Manzi, supra at 888 F.2d 206; Laubenheimer v. Factor, 61 F.2d 626 (7th Cir. 1932), aff'd 290 U.S. 276 (1933); Matter of Extradition of Atta, 706 F. Supp. 1032, 1031 (E.D.N.Y. 1989).

See e.g., Greci v. Birknes, 527 F.2d 956, 960-961 (lst Cir. 1976).[11]  If such information is required, the Government requests advance notice in order to properly coordinate such a response.

### V.  CONCLUSION

Extradition hearings are sui generis, and do not follow the rules of evidence or procedure applicable to domestic criminal offenses. Jhirad v. Ferrandina, supra at 536 F.2d 482.  The principles of liberal construction of treaties and proof, as well as those rules which limit the testimony necessary to support a finding of extraditability and which prohibit defenses from being offered, exist both because the defendant will receive a full trial on the merits in the country to which he is extradited, and because there is an overwhelming governmental interest in fulfilling American treaty obligations to other sovereign states.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          UNITED STATES ATTORNEY

          By: /s/ ALOKE CHAKRAVARTY
          Aloke Chakravarty
          Assistant United States Attorney
          (617) 748-3658

---

[11] Were the court to instead dismiss the complaint, another complaint could be brought immediately, for res judicata does not apply to extradition proceedings. Collins v. Loisel, supra at 262 U.S. 426; Hooker v. Klein, supra at 573 F.2d 1369.